# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| LAUREN J. TRATAR, | |
| Plaintiff, | No. 15 C 5844 |
| v. | Judge Thomas M. Durkin |
| BANK OF AMERICA, N.A., f/k/a BAC HOME LOAN SERVICING, LP, f/k/a COUNTRYWIDE HOME LOANS SERVICING, LP, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Lauren Tratar pro se alleges that Bank of America committed fraud in soliciting her mortgage loan and later instituting foreclosure proceedings against her property. R. 18. Bank of America has moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative to stay proceedings. R. 26; R. 28. For the following reasons, Bank of America's motion is granted to the extent that proceedings in this case are stayed.

**Background**

On September 7, 2007, Tratar mortgaged her property at 1021 Royal Saint George Drive in Naperville, Illinois. R. 18 ¶¶ 1, 22. Bank of America filed a foreclosure action in DuPage County on July 7, 2010. R. 18 ¶ 37. In answer to Bank of American's foreclosure action, Tratar alleged counterclaims for fraud and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, in connection with the Tratar's mortgage loan from Bank of America. *See* R. 28-1. On

April 19, 2013, the state court granted Bank of America's motion to strike Tratar's affirmative defenses and to dismiss her counterclaims. *See* R. 28-3. The state court twice permitted Tratar to file amended affirmative defenses and counterclaims. *See* R. 28-4; R. 28-6. The state court granted Bank of America's subsequent motions to dismiss these affirmative defenses and counterclaims, with the final order denying reconsideration entered on April 16, 2015. *See* R. 28-5; R. 28-7; R. 28-8.

Tratar then filed this action on July 1, 2015. R. 1. The original complaint was 182 pages. *Id.* The Court dismissed the complaint without prejudice pursuant to Federal Rule of Civil Procedure 8. R. 16.

Tratar's amended complaint still contains 87 pages, but it is captioned with counts for RICO, breach of contract, and fraudulent inducement and fraudulent concealment. R. 18 at 1. Tratar's allegations boil down to the claim that Bank of America intentionally "placed [her] into a high-risk loan which was *designed* to default when interest rates [and] thus monthly mortgage payments rose and the market collapsed." R. 18 ¶ 15c (emphasis added). Tratar alleges that Bank of America's actions in this regard were part of a "criminal enterprise," but her allegations as to the existence of such an enterprise are largely incomprehensible. For example, Tratar alleges:

> [Bank of America] and its Co-Conspirators are a group of persons associated together in fact for the purpose of carrying out an ongoing criminal enterprise which has been structured to operate as a unit in order to accomplish an overarching goal and intent: to maintain the power and control of the U.S. fiat monetary system which [Bank of America] and its Co-Conspirators have covertly held for decades as this system is on the precipice

> of collapse as the forgoing facts will validate. [Bank of America] and its Co-Conspirators seek to control this inevitable collapse and the introduction of a new fiat monetary system which [Bank of America] and its Co-Conspirators are conspiring to control through the employment of a Multi-faceted Enterprise of which this complaint focuses upon one specific element and identifies the Enterprise in this complaint as the Origination of Plaintiffs mortgage loan through the attempted Foreclosure of the subject loan. The Enterprise as defined by the Plaintiff is an essential facet of the common plan as it contributes to the destabilization of the public and subsequent evisceration of the wealth and assets held by the Middle-Class whose sheer numbers and potentially loud and influential voices of dissent could derail the Enterprise's main objective whereas a disempowered Middle-Class struggling to make ends meet is so focused on survival it is far easier to manage.

R. 18 at 6.

Bank of America argues that Tratar's claims should be dismissed for the following reasons: (1) lack of standing; (2) res judicata; (3) failure to state a claim; and (4) statute of limitations. As discussed below, the Court finds that this action should be stayed because it will likely be barred by res judicata once the state court foreclosure action is final. Thus, the Court does not reach Bank of America's other arguments.

**Analysis**

"In Illinois, res judicata extends to all questions actually decided in a previous action as well as to all grounds of recovery and defenses which might have been presented in the prior litigation." *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 9556 (7th Cir. 1997) (citing *La Salle Nat'l Bank v. Cnty. Bd. of Sch. Trustees*, 337 N.E.2d 19, 22 (Ill. 1975)). Res judicata bars a subsequent action if three

3

requirements are met: "(1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there is an identity of cause of action; and (3) there is an identity of parties or their privies." *Whitaker,* 129 F.3d at 956 (quoting *Downing v. Chi. Transit Auth.,* 642 N.E.2d 456, 458 (Ill. 1994)). With respect to the third element, the "identity of the cause of action," Illinois employs the "transactional" test, which provides that "separate claims will be considered the same cause of action for purposes of res judicata if they arise from a single group of operative facts." *Amari Co., Inc. v. Burgess,* 955 F. Supp. 2d 868, 881 (N.D. Ill. 2013) (quoting *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 893 (Ill. 1998)). This is a broad standard: two causes of action with overlapping facts will pass the transactional test "regardless of whether they assert different theories of relief" and "even if there is not a substantial overlap of evidence." *River Park*, 703 N.E.2d at 893. "The doctrine prohibits not only those matters which were actually litigated and resolved in the prior suit, but also any matter *which might have been raised* in that suit to defeat or sustain the claim or demand." *Kosydor v. Am. Express Centurion Servs. Corp.*, 979 N.E.2d 123, 128 (Ill. App. Ct. 5th Dist. 2012) (quoting *Rein v. Noyes & Co.*, 665 N.E.2d 1199, 1205 (Ill. 1996) (emphasis added)).

Tratar argues that none of the three elements of res judicata are met here. Taking the second element first, the Court finds that there is an identity of cause of action. Tratar argues that "the RICO statutes provide an independent redress for injuries that include using fraud to obtain money," such that her RICO claim is not barred by res judicata. R. 37 at 38. But whether her federal claims are

4

"independent" of her state court claims is not the applicable standard. Rather, the question is whether her state claims and federal claims "arise from a single group of operative facts." Tratar concedes that all her claims arise from Bank of America's actions with respect to her mortgage. *See* R. 37 at 39 ("[Bank of America] seeks protection under Res Judicata as another 'get out of jail free' card to exonerate it from the consequence of its violations of law and criminality. Had the Plaintiff not been denied discovery in state court, the fraud would have been known thereby warranting dismissal of [Bank of America's] case in state court."). In both cases, Tratar alleges that Bank of American fraudulently induced her to agree to the mortgage and then fraudulently pursued foreclosure. The difference between the form of her state court claims and her federal court claims is irrelevant to res judicata under Illinois law. Thus, the Court finds that there is an identity of Tratar's state court claims and federal court claims.

Nevertheless, under Illinois law, a final judgment does not exist in the state court that permits this Court to dismiss Tratar's federal claims at this point in time. Bank of America cites *Avery v. Auto-Pro Inc.*, 731 N.E.2d 319 (Ill. App. Ct. 1st Dist. 2000), in support of its argument that res judicata applies to Tratar's dismissed counterclaims even though Bank of America "has not yet obtained a foreclosure judgment and order confirming sale in the [state court]." R. 28 at 9. But *Avery* relies on Illinois Supreme Court Rule 273, which provides that "an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the

5

merits." This rule says nothing about counterclaims specifically, and neither does *Rein v. David A. Noyes & Co.*, 665 N.E.2d 1199 (Ill. 1996), which *Avery* also cites.

Moreover, in Illinois, even an entry of judgment at the circuit court level is insufficient to have res judicata effect if "the potential for appellate review" has not "been exhausted." *See Ballweg v. City of Springfield*, 499 N.E.2d 1373, 1375 (Ill. 1986) ("For purposes of applying the doctrine of collateral estoppel, finality requires that the potential for appellate review must have been exhausted."); *Rogers v. Desiderio*, 58 F.3d 299, 302 (7th Cir. 1995) (noting that Illinois courts "have extended *Ballweg* from issue preclusion to claim preclusion"). For this reason, courts in this district frequently stay federal actions where state court actions that are already far along but have not reached final judgment and completed the appellate process, could potentially have res judicata effect on the federal action. *See Knight v. Djk Real Estate Group, LLC*, 2016 WL 427614, at *8 (N.D. Ill. Feb. 4, 2016); *Thompson v. City of Chi. Bd. of Educ.*, 2016 WL 362375, at *3 (N.D. Ill. Jan. 29, 2016); *Clark & Leland Condo., LLC v. Northside Cmty. Bank*, 2016 WL 302102, at *3 (N.D. Ill. Jan. 25, 2016). This Court will follow suit.

**Conclusion**

For the foregoing reasons, Bank of America's motion to dismiss, R. 26; R. 28, is denied in part without prejudice to the extent that the Court will not dismiss Tratar's claims at this time. Bank of America's motion is granted in part to the extent that proceedings in this case are stayed pending resolution of the foreclosure action in state court. The parties should inform the Court when the foreclosure

6

action is concluded and any appellate proceedings have concluded or the time for appeal has elapsed.

Additionally, Tratar filed her brief under the heading of a "motion." *See* R. 35. To the extent that this was more than a mere administrative error, and Tratar seeks some relief beyond intending to oppose Bank of America's motion, her motion, R. 35, is denied.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: September 16, 2016